**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| HEALTHSOUTH REHABILITATION HOSPITAL OF NEW MEXICO, LLC D/B/A HEALTHSOUTH REHABILITATION HOSPITAL<br>7000 Jefferson St., NE<br>Albuquerque, NM 087109<br><br>HEALTHSOUTH OF SOUTH CAROLINA, INC. D/B/A HEALTHSOUTH REHABILITATION HOSPITAL OF COLUMBIA<br>2935 Colonial Drive<br>Columbia, SC 29203<br><br>HEALTHSOUTH REHABILITATION HOSPITAL OF LARGO, LLC D/B/A HEALTHSOUTH REHABILITATION HOSPITAL OF LARGO<br>901 Clearwater Largo Road North<br>Largo, FL 33770<br><br>HEALTHSOUTH REHABILITATION HOSPITAL OF CHARLESTON, LLC D/B/A HEALTHSOUTH REHABILITATION HOSPITAL OF CHARLESTON<br>9181 Medcom St.<br>Charleston, SC, 29406<br><br>HEALTHSOUTH/METHODIST REHABILITATION HOSPITAL LIMITED PARTNERSHIP D/B/A HEALTHSOUTH REHABILITATION HOSPITAL OF MEMPHIS<br>1282 Union Ave.<br>Memphis, TN, 38104<br><br>HEALTHSOUTH SUNRISE REHABILITATION HOSPITAL, LLC D/B/A HEALTHSOUTH SUNRISE REHABILITATION HOSPITAL<br>4399  Nob Hill Road<br>Sunrise, FL, 33351<br><br>HEALTHSOUTH OF TOMS RIVER, LLC D/B/A HEALTHSOUTH REHABILITATION HOSPITAL OF TOMS RIVER<br>14 Hospital Drive<br>Toms River, NJ, 008755 | Civil Action No. _____<br><br><br><br>**COMPLAINT FOR REVIEW OF AGENCY ACTION** |

HEALTHSOUTH REHABILITATION HOSPITAL OF
TEXARKANA, INC. D/B/A HEALTHSOUTH
REHABILITATION HOSPITAL OF TEXARKANA
515 West 12th St.
Texarkana, TX, 75501

HEALTHSOUTH REHABILITATION HOSPITAL OF
TALLAHASSEE, LLC D/B/A HEALTHSOUTH
REHABILITATION HOSPITAL OF TALLAHASSEE
1675 Riggins Road
Tallahassee, FL, 32308

HEALTHSOUTH OF TREASURE COAST, INC.
D/B/A HEALTHSOUTH TREASURE COAST
REHABILITATION HOSPITAL
1600 37th St.
Vero Beach, FL, 32960

HEALTHSOUTH REHABILITATION HOSPITAL OF
SARASOTA, LLC D/B/A HEALTHSOUTH
REHABILITATION HOSPITAL OF SARASOTA
6400 Edgelake Drive
Sarasota, FL, 34240

REBOUND, LLC D/B/A HEALTHSOUTH CENTRAL
GEORGIA REHABILITATION HOSPITAL
3351 Northside Drive
Macon, GA, 31210

HEALTHSOUTH NORTHERN KENTUCKY
REHABILITATION HOSPITAL, LLC D/B/A
HEALTHSOUTH NORTHERN KENTUCKY
REHABILITATION HOSPITAL
201 Medical Village Drive
Edgewood, KY, 41017

REBOUND, LLC D/B/A HEALTHSOUTH
REHABILITATION HOSPITAL OF HUNTINGTON
6900 West Country Club Drive
Huntington, WV, 25705

WEST VIRGINIA REHABILITATION HOSPITAL,
INC. D/B/A HEALTHSOUTH MOUNTAIN VIEW
REGIONAL REHABILITATION HOSPITAL
1160 Van Voorhis Road
Morgantown, WV, 26505

HEALTHSOUTH BAKERSFIELD
REHABILITATION HOSPITAL, LLC D/B/A
HEALTHSOUTH BAKERSFIELD
REHABILITATION HOSPITAL
5001 Commerce Drive
Bakersfield, CA, 93309

HEALTHSOUTH REHABILITATION HOSPITAL OF
ARLINGTON, LLC D/B/A HEALTHSOUTH
REHABILITATION HOSPITAL OF ARLINGTON
3200 Matlock Road
Arlington, TX, 76015

REHABILITATION HOSPITAL CORPORATION OF
AMERICA, LLC D/B/A HEALTHSOUTH
REHABILITATION HOSPITAL OF VIRGINIA
5700 Fitzhugh Ave.
Richmond, VA, 23226

HEALTHSOUTH REHABILITATION INSTITUTE OF
TUSCAN, LLC D/B/A HEALTHSOUTH
REHABILITATION INSTITUTE OF TUSCAN
2650 North Wyatt Drive
Tucson, AZ, 85712

REHABILITATION HOSPITAL CORPORATION OF
AMERICA, LLC D/B/A HEALTHSOUTH WESTERN
HILLS REGIONAL REHABILITATION HOSPITAL
3 Western Hills Drive
Parkersburg, WV, 26105

HEALTHSOUTH/MAINE MEDICAL CENTER
LIMITED LIABILITY COMPANY D/B/A NEW
ENGLAND REHABILITATION HOSPITAL OF
PORTLAND, A JOINT VENTURE OF MAINE
MEDICAL CENTER AND HEALTHSOUTH
335 Brighton Ave. Unit 201
Portland, ME, 04102-2374

NEW ENGLAND REHABILITATION HOSPITAL,
INC. D/B/A HEALTHSOUTH NEW ENGLAND
REHAB HOSPITAL
2 Rehabilitation Way
Woburn, MA, 01801

RUSK REHABILITATION CENTER, LLC. D/B/A
RUSK REHABILITATION CENTER, A JOINT
VENTURE OF  HEALTHSOUTH AND THE
UNIVERSITY OF MISSOURI - COLUMBIA
315 Business Loop 70 West
Columbia, MO, 65203

LAKESHORE SYSTEM SERVICES OF FLORIDA,
INC. D/B/A HEALTHSOUTH EMERALD COAST
REHABILITATION HOSPITAL
1847 Florida Ave.
Panama City, FL, 32405

CENTRAL ARKANSAS REHABILITATION
ASSOCIATES, L.P. D/B/A ST. VINCENT
REHABILITATION HOSPITAL
2201 Wildwood Ave.
Sherwood, AR, 72120

NORTHWEST ARKANSAS REHABILITATION
ASSOCIATES D/B/A HEALTHSOUTH
REHABILITATION HOSPITAL, A PARTNER WITH
WASHINGTON REGIONAL
153 East Monte Painter Drive
Fayetteville, AR, 72703

KANSAS REHABILITATION HOSPITAL, INC.
D/B/A KANSAS REHABILITATION HOSPITAL
1504 SW 8th Ave.
Topeka, KS, 66606-1632

K.C. REHABILITATION HOSPITAL, INC. D/B/A
MIDAMERICA REHABILITATION HOSPITAL
5701 West 110th St.
Overland Park, KS, 66211

LAKEVIEW REHABILITATION GROUP PARTNERS
D/B/A HEALTHSOUTH LAKEVIEW
REHABILITATION HOSPITAL OF CENTRAL
KENTUCKY
134 Heartland Drive
Elizabethtown, KY, 42701

BATON ROUGE REHAB, INC. D/B/A
HEALTHSOUTH REHABILITATION HOSPITAL OF
BATON ROUGE

8595 United Plaza Blvd.
Baton Rouge, LA, 70809

THE KELTON CORPORATION D/B/A
HEALTHSOUTH BRAINTREE REHABILITATION
HOSPITAL
250 Pond St.
Braintree, MA, 02184

TARRANT COUNTY REHABILITATION
HOSPITAL, INC. D/B/A HEALTHSOUTH CITY
VIEW REHABILITATION HOSPITAL
6701 Oakmont Blvd.
Fort Worth, TX, 76132

HEALTHSOUTH PLANO REHABILITATION
HOSPITAL, LLC D/B/A HEALTHSOUTH PLANO
REHABILITATION HOSPITAL
2800 West 15th St.
Plano, TX, 75075

HEALTHSOUTH REHABILITATION HOSPITAL OF
BEAUMONT, LLC D/B/A HEALTHSOUTH
REHABILITATION HOSPITAL OF BEAUMONT
3340 Plaza 10 Blvd.
Beaumont, TX, 77707

TYLER REHAB ASSOCIATES, L.P. D/B/A TRINITY
MOTHER FRANCES REHABILITATION
HOSPITAL, AFFILIATED WITH HEALTHSOUTH
3131 Troup Hwy.
Tyler, TX, 75701

VAN MATRE REHABILITATION CENTER LLC,
D/B/A VAN MATRE HEALTHSOUTH
REHABILITATION HOSPITAL
950 South Mulford Road
Rockford, IL, 61108

HEALTHSOUTH REHABILITATION HOSPITAL OF
HENDERSON, LLC D/B/A HEALTHSOUTH
REHABILITATION HOSPITAL OF HENDERSON
10301 Jeffreys Street
Henderson, NV, 89052

HEALTHSOUTH/METHODIST REHABILITATION

HOSPITAL LIMITED PARTNERSHIP D/B/A
HEALTHSOUTH REHABILITATION HOSPITAL -
NORTH
4100 Austin Peay Highway
Memphis, TN, 38128

YUMA REHABILITATION HOSPITAL, L.L.C. D/B/A
YUMA REHABILITATION HOSPITAL, A
PARTNERSHIP OF HEALTHSOUTH AND YRMC
901 West 24th Street
Yuma, AZ, 85364

AnMED ENTERPRISES, INC./HEALTHSOUTH,
L.L.C. D/B/A ANMED HEALTH REHABILITATION
HOSPITAL, AN AFFILIATE ENTITY OF ANMED
HEALTH AND HEALTHSOUTH CORPORATION
1 Spring Back Way
Anderson, SC, 29621

HEALTHSOUTH OF SPRINT HILL, INC. D/B/A
HEALTHSOUTH REHABILITATION HOSPITAL OF
SPRINT HILL
12440 Cortez Blvd
Brooksville, FL, 34613

HEALTHSOUTH SPECIALTY HOSPITAL, INC.
D/B/A HEALTHSOUTH DALLAS REHAB
HOSPITAL
2124 Research Row
Dallas, TX, 75235

HEALTHSOUTH REHABILITATION HOSPITAL OF
FORT WORTH LLC D/B/A HEALTHSOUTH
REHABILITATION HOSPITAL OF FORT WORTH
1212 West Lancaster Ave.
Fort Worth, TX, 76102

HEALTHSOUTH OF EAST TENNESSEE, LLC D/B/A
HEALTHSOUTH REHABILITATION HOSPITAL
113 Cassell Drive
Kingsport, TN, 37660

VANDERBILT STALLWORTH REHABILITATION
HOSPITAL, L.P. D/B/A VANDERBILT
STALLWORTH REHABILITATION HOSPITAL
2201 Children's Way

Nashville, TN, 37212

HEALTHSOUTH REHABILITATION HOSPITAL OF
MECHANICSBURG, LLC D/B/A HEALTHSOUTH
REHABILITATION HOSPITAL OF
MECHANICSBURG
175 Lancaster Blvd.
Mechanicsburg, PA, 17055

HEALTHSOUTH REHABILITATION HOSPITAL OF
AUSTIN, INC. D/B/A HEALTHSOUTH
REHABILITATION HOSPITAL OF AUSTIN
1215 Red River St.
Austin, TX, 78701

HEALTHSOUTH OF FORT SMITH, LLC D/B/A
HEALTHSOUTH OF FORT SMITH
1401 South J St.
Fort Smith, AR, 72901

HEALTHSOUTH OF NITTANY VALLEY, INC.
D/B/A HEALTHSOUTH NITTANY VALLEY
REHABILITATION HOSPITAL
550 West College Ave.
Pleasant Gap, PA, 16823

HEALTHSOUTH OF YORK, LLC D/B/A
HEALTHSOUTH REHABILITATION HOSPITAL OF
YORK
1850 Normandie Drive
York, PA, 17408

HEALTHSOUTH REHABILITATION HOSPITAL OF
ALTOONA, LLC D/B/A HEALTHSOUTH
REHABILITATION HOSPITAL OF ALTOONA
2005 Valley View Blvd
Altoona, PA, 16602

HEALTHSOUTH REHABILITATION INSTITUTE OF
SAN ANTONIO (RIOSA), INC. D/B/A
HEALTHSOUTH REHABILITATION INSTITUTE OF
SAN ANTONIO (RIOSA),
9119 Cinnamon Hill
San Antonio, TX, 78240

HEALTHSOUTH  READING REHABILITATION

HOSPITAL, LLC D/B/A HEALTHSOUTH  READING
REHABILITATION HOSPITAL
1623 Morgantown Road
Reading, PA, 19607

PIEDMONT  HEALTHSOUTH REHABILITATION,
LLC D/B/A HEALTHSOUTH REHABILITATION
HOSPITAL OF ROCK HILL
1795 Dr. Frank Gaston Blvd.
Rock Hill, SC, 29732

REBOUND, LLC D/B/A HEALTHSOUTH
REHABILITATION HOSPITAL OF NORTH
ALABAMA
107 Governors Drive SW
Huntsville, AL, 35801

REBOUND, LLC D/B/A HEALTHSOUTH
CHATTANOOGA REHABILITATION HOSPITAL
2412 McCallie Ave.
Chattanooga, TN, 37404

REBOUND, LLC D/B/A HEALTHSOUTH CANE
CREEK REHABILITATION HOSPITAL
180 Mount Pelia Road
Martin, TN, 38237

HEALTHSOUTH VALLEY OF THE SUN
REHABILITATION HOSPITAL, LLC D/B/A
HEALTHSOUTH VALLEY OF THE SUN
REHABILITATION HOSPITAL
13460 North 67th Ave.
Glendale, AZ, 85304

HEALTHSOUTH HARMARVILLE
REHABILITATION HOSPITAL, LLC D/B/A
HEALTHSOUTH HARMARVILLE
REHABILITATION HOSPITAL
320 Guys Run Road
Pittsburgh, PA, 15238

HEALTHSOUTH/GHS LIMITED LIABILITY
COMPANY D/B/A GEISINGER HEALTHSOUTH
REHABILITATION HOSPITAL
2 Rehab Lane
Danville, PA, 17821

REHABILITATION HOSPITAL OF PHENIX CITY,
L.L.C. D/B/A REGIONAL REHABILITATION
HOSPITAL
3715 Highway 280/431 North
Phenix City, AL, 36867

HEALTHSOUTH REHABILITATION HOSPITAL OF
ODESSA, INC. D/B/A HEALTHSOUTH
REHABILITATION HOSPITAL OF ODESSA
515 North Adams
3rd Floor
Odessa, TX, 79761

HEALTHSOUTH REHABILITATION HOSPITAL OF
PETERSBURG, LLC D/B/A HEALTHSOUTH
REHABILITATION HOSPITAL OF PETERSBURG
95 Medical Park Boulevard
Petersburg, VA, 23805

CENTRAL LOUISIANA REHAB ASSOCIATES, L.P.
D/B/A HEALTHSOUTH REHABILITATION
HOSPITAL OF ALEXANDRIA
104 North 3rd St.
Alexandria, LA, 71301

HEALTHSOUTH OF ERIE, LLC. D/B/A
HEALTHSOUTH REHABILITATION HOSPITAL OF
ERIE
143 East Second St.
Erie, PA, 16507

HEALTHSOUTH REHABILITATION HOSPITAL OF
SEWICKLEY, LLC D/B/A HEALTHSOUTH
REHABILITATION HOSPITAL OF SEWICKLEY
303 Camp Meeting Road
Sewickley, PA, 15143-8348

Plaintiffs,

v.

SYLVIA MATHEWS BURWELL, Secretary
United States Department of Health and Human Services
200 Independence Avenue, S.W.
Washington, DC  20201,

Defendant.

## INTRODUCTION

1.     This is an appeal to set aside agency action by the Administrator of the Centers

for Medicare & Medicaid Services ("CMS"), a division of the United States Department of

Health and Human Services ("HHS"), unlawfully foreclosing Plaintiffs' right to administrative

and judicial review of incorrectly calculated Medicare Low Income Patient adjustments to

Plaintiffs' inpatient rehabilitation facility ("IRF") reimbursements for Plaintiffs' fiscal years

ending in 2006 and 2007.

2.     Similar to other Medicare prospective payment systems, CMS establishes per

discharge reimbursement rates for inpatient rehabilitation facilities ("IRFs") under the IRF

Prospective Payment System ("IRF PPS") and publishes those "established" rates in the federal

register in July of each year for the next federal fiscal year.  Pursuant to applicable regulations, at

the end of a Medicare provider's fiscal year, the provider submits a year-end cost report, and a

Medicare Administrative Contractor ("MAC"), on behalf of CMS, implements certain retroactive

facility-specific adjustments to the provider's reimbursement for that year.  One such adjustment

applicable to IRFs is the Low Income Patient ("LIP") adjustment, which can increase the amount

of Medicare reimbursement based on the percentage of "low-income patients" served by each

provider.  The LIP adjustment to IRF PPS reimbursement is the IRF version of what is referred

to as "disproportionate share" ("DSH") reimbursement in the general acute care hospital context.

3.     Plaintiffs are sixty-six Medicare-certified IRFs, which timely filed reimbursement

appeals with the Provider Reimbursement Review Board ("PRRB" or "Board") against the lead

MAC, Cahaba Government Benefits Administrator ("Cahaba"), challenging Cahaba's LIP

adjustment determinations for fiscal years ending in 2006 and 2007 because Cahaba's

calculations failed to account for certain Medicaid patients who were not entitled to Medicare and should have been included in the calculation.  There is no dispute that the PRRB appeals met the dissatisfaction, amount in controversy, and timely-filing requirements set forth at 42 C.F.R. § 405.1835(a), and thus complied with statutory and regulatory thresholds to bring the appeal.

4.      Approximately four years after Plaintiffs initiated the appeals, Cahaba filed motions to dismiss, raising an argument that appears to have never been relied on previously in the DSH reimbursement or LIP adjustment context, that the PRRB lacked jurisdiction to review LIP adjustments based on an expanded reading of a statutory prohibition on providers challenging the "establishment of" IRF PPS rates in 42 U.S.C. § 1395ww(j)(8)(B).

5.      After the PRRB denied Cahaba's motions, finding that it had jurisdiction to review the LIP adjustments at issue, the Administrator reviewed and reversed the PRRB's decision, dismissing the appeals (the "Administrator's Decision").  The Administrator determined that Plaintiffs are not entitled to administrative and judicial review of LIP adjustment calculations because "establishment of" IRF PPS rates includes all non-enumerated, facility-specific adjustments.  The Administrator's Decision is attached as **Exhibit 1** and, by its terms, constitutes final agency action.

6.      Although Congress limited the scope of administrative and judicial review to challenge the "establishment of" IRF PPS rates under 42 U.S.C. § 1395ww(j)(8)(B) – which Plaintiffs do not challenge – and certain other enumerated adjustments, which do not include the LIP adjustments, the statute is silent as to review of those adjustments the Secretary has determined are "necessary to properly reflect variations in necessary costs of treatment among rehabilitation facilities" pursuant to 42 U.S.C. § 1395ww(j)(3)(A)(v), the provision under which the Secretary promulgated LIP adjustment regulations.  The Administrator's Decision

unilaterally and without statutory authority expands Congress' limited preclusion of review of IRF PPS rate setting to distinct adjustments to PPS reimbursement that have traditionally been subject to administrative and judicial review.

7.      Pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.*, Plaintiffs seek to set aside the Administrator's Decision vacating the PRRB's decision as (a) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (b) contrary to constitutional right, power, privilege, or immunity; (c) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; and (d) without observance of procedure required by law.  5 U.S.C. § 706.  Plaintiffs respectfully request that the Court reverse the Administrator's decision and remand to the agency for a determination of the appropriate LIP adjustments for Plaintiffs' 2006 and 2007 cost reporting years.

## JURISDICTION AND VENUE

8.      This action arises under Title XVIII of the Social Security Act, as amended, 42 U.S.C. § 1395, *et seq.* (the "Medicare Act") and the APA, 5 U.S.C. § 551, *et seq.*

9.      Jurisdiction is proper under 42 U.S.C. § 1395oo(f).

10.      Venue is proper in this judicial district under 42 U.S.C. § 1395oo(f)(1).

11.      This Court has authority to grant the relief requested under 42 U.S.C. § 1395oo(f).

## PARTIES

12.      Plaintiffs are sixty-six Medicare-certified IRFs owned and operated by HealthSouth Corporation.[1]

    a.      Plaintiff HealthSouth Rehabilitation Hospital of New Mexico, LLC d/b/a HealthSouth Rehabilitation Hospital (Medicare Provider No. 32-3027) is

---

[1] In addition to the list of Plaintiffs below, Plaintiffs attach a schedule of providers from the two PRRB appeals with the errors in LIP adjustment calculations as to each fiscal year as **Exhibit 2**.

an inpatient rehabilitation hospital located in Albuquerque, New Mexico that furnishes inpatient hospital services to patients entitled to benefits under the Medicare program and others.  Its appeal relates to fiscal year ending in 2006.

b.      Plaintiff HealthSouth of South Carolina, Inc. d/b/a HealthSouth Rehabilitation Hospital of Columbia (Medicare Provider No. 42-3025) is an inpatient rehabilitation hospital located in Columbia, South Carolina that furnishes inpatient hospital services to patients entitled to benefits under the Medicare program and others.  Its appeal relates to fiscal year ending in 2006.

c.      Plaintiff HealthSouth Rehabilitation Hospital of Largo, LLC d/b/a HealthSouth Rehabilitation Hospital of Largo (Medicare Provider No. 10-3037) is an inpatient rehabilitation hospital located in Largo, Florida that furnishes inpatient hospital services to patients entitled to benefits under the Medicare program and others.  Its appeal relates to fiscal year ending in 2006.

d.      Plaintiff HealthSouth Rehabilitation Hospital of Charleston, LLC d/b/a HealthSouth Rehabilitation Hospital of Charleston (Medicare Provider No. 42-3027) is an inpatient rehabilitation hospital located in Charleston, South Carolina that furnishes inpatient hospital services to patients entitled to benefits under the Medicare program and others.  Its appeal relates to fiscal year ending in 2006.

e.      Plaintiff HealthSouth/Methodist Rehabilitation Hospital Limited

Partnership d/b/a HealthSouth Rehabilitation Hospital of Memphis (Medicare Provider No. 44-3029) is an inpatient rehabilitation hospital located in Memphis, Tennessee that furnishes inpatient hospital services to patients entitled to benefits under the Medicare program and others.  Its appeal relates to fiscal year ending in 2006.

f.      Plaintiff HealthSouth Sunrise Rehabilitation Hospital, LLC d/b/a HealthSouth Sunrise Rehabilitation Hospital (Medicare Provider No. 10-3028) is an inpatient rehabilitation hospital located in Sunrise, Florida that furnishes inpatient hospital services to patients entitled to benefits under the Medicare program and others.  Its appeal relates to fiscal year ending in 2006.

g.      Plaintiff HealthSouth of Toms River, LLC d/b/a HealthSouth Rehabilitation Hospital of Toms River (Medicare Provider No. 31-3029) is an inpatient rehabilitation hospital located in Toms River, New Jersey that furnishes inpatient hospital services to patients entitled to benefits under the Medicare program and others.  Its appeal relates to fiscal year ending in 2006.

h.      Plaintiff HealthSouth Rehabilitation Hospital of Texarkana, Inc. d/b/a HealthSouth Rehabilitation Hospital of Texarkana (Medicare Provider No. 45-3053) is an inpatient rehabilitation hospital located in Texarkana, Texas that furnishes inpatient hospital services to patients entitled to benefits under the Medicare program and others.  Its appeal relates to fiscal year ending in 2006.

i.      Plaintiff HealthSouth Rehabilitation Hospital of Tallahassee, LLC d/b/a
        HealthSouth Rehabilitation Hospital of Tallahassee (Medicare Provider
        No. 10-3033) is an inpatient rehabilitation hospital located in Tallahassee,
        Florida that furnishes inpatient hospital services to patients entitled to
        benefits under the Medicare program and others.  Its appeal relates to
        fiscal year ending in 2006.

j.      Plaintiff HealthSouth of Treasure Coast, Inc. d/b/a HealthSouth Treasure
        Coast Rehabilitation Hospital (Medicare Provider No. 10-3032) is an
        inpatient rehabilitation hospital located in Vero Beach, Florida that
        furnishes inpatient hospital services to patients entitled to benefits under
        the Medicare program and others.  Its appeal relates to fiscal year ending
        in 2006.

k.      Plaintiff HealthSouth Rehabilitation Hospital of Sarasota, LLC d/b/a
        HealthSouth Rehabilitation Hospital of Sarasota (Medicare Provider No.
        10-3031) is an inpatient rehabilitation hospital located in Sarasota, Florida
        that furnishes inpatient hospital services to patients entitled to benefits
        under the Medicare program and others.  Its appeal relates to fiscal year
        ending in 2006.

l.      Plaintiff Rebound, LLC d/b/a HEALTHSOUTH Central Georgia
        Rehabilitation Hospital (Medicare Provider No. 11-3027) is an inpatient
        rehabilitation hospital located in Macon, Georgia that furnishes inpatient
        hospital services to patients entitled to benefits under the Medicare
        program and others.  Its appeal relates to fiscal year ending in 2006.

m.  Plaintiff HealthSouth Northern Kentucky Rehabilitation Hospital, LLC d/b/a HealthSouth Northern Kentucky Rehabilitation Hospital (Medicare Provider No. 18-3027) is an inpatient rehabilitation hospital located in Edgewood, Kentucky that furnishes inpatient hospital services to patients entitled to benefits under the Medicare program and others.  Its appeal relates to fiscal year ending in 2006.

n.  Plaintiff Rebound, LLC d/b/a HealthSouth Rehabilitation Hospital of Huntington (Medicare Provider No. 51-3028) is an inpatient rehabilitation hospital located in Huntington, West Virginia that furnishes inpatient hospital services to patients entitled to benefits under the Medicare program and others.  Its appeal relates to fiscal year ending in 2006.

o.  Plaintiff West Virginia Rehabilitation Hospital, Inc. d/b/a HealthSouth Mountain View Regional Rehabilitation Hospital (Medicare Provider No. 51-3030) is an inpatient rehabilitation hospital located in Morgantown, West Virginia that furnishes inpatient hospital services to patients entitled to benefits under the Medicare program and others.  Its appeal relates to fiscal year ending in 2006.

p.  Plaintiff HealthSouth Bakersfield Rehabilitation Hospital, LLC d/b/a HealthSouth Bakersfield Rehabilitation Hospital (Medicare Provider No. 05-3031) is an inpatient rehabilitation hospital located in Bakersfield, California that furnishes inpatient hospital services to patients entitled to benefits under the Medicare program and others.  Its appeal relates to fiscal year ending in 2006.

q.      Plaintiff HealthSouth Rehabilitation Hospital of Arlington, LLC d/b/a
HealthSouth Rehabilitation Hospital of Arlington (Medicare Provider No.
45-3040) is an inpatient rehabilitation hospital located in Arlington, Texas
that furnishes inpatient hospital services to patients entitled to benefits
under the Medicare program and others.  Its appeal relates to fiscal year
ending in 2006.

r.      Plaintiff Rehabilitation Hospital Corporation of America, LLC d/b/a
HealthSouth Rehabilitation Hospital of Virginia (Medicare Provider No.
49-3028) is an inpatient rehabilitation hospital located in Richmond,
Virginia that furnishes inpatient hospital services to patients entitled to
benefits under the Medicare program and others.  Its appeal relates to
fiscal year ending in 2006.

s.      Plaintiff HealthSouth Rehabilitation Institute of Tucson, LLC d/b/a
HealthSouth Rehabilitation Institute of Tucson (Medicare Provider No.
03-3028) is an inpatient rehabilitation hospital located in Tucson, Arizona
that furnishes inpatient hospital services to patients entitled to benefits
under the Medicare program and others.  Its appeal relates to fiscal year
ending in 2006.

t.      Plaintiff Rehabilitation Hospital Corporation of America, LLC d/b/a
HealthSouth Western Hills Regional Rehabilitation Hospital (Medicare
Provider No. 51-3027) is an inpatient rehabilitation hospital located in
Parkersburg, West Virginia that furnishes inpatient hospital services to
patients entitled to benefits under the Medicare program and others.  Its

appeal relates to fiscal year ending in 2006.

u.     Plaintiff HealthSouth/Maine Medical Center Limited Liability Company

d/b/a New England Rehabilitation Hospital of Portland, a Joint Venture of

Maine Medical Center and HealthSouth (Medicare Provider No. 20-3025)

is an inpatient rehabilitation hospital located in Portland, Maine that

furnishes inpatient hospital services to patients entitled to benefits under

the Medicare program and others.  Its appeal relates to fiscal year ending

in 2006.

v.     Plaintiff New England Rehabilitation Hospital, Inc. d/b/a

HEALTHSOUTH New England Rehab Hospital (Medicare Provider No.

22-3026) is an inpatient rehabilitation hospital located in Woburn,

Massachusetts that furnishes inpatient hospital services to patients entitled

to benefits under the Medicare program and others.  Its appeal relates to

fiscal year ending in 2006.

w.     Plaintiff Rusk Rehabilitation Center, L.L.C. d/b/a Rusk Rehabilitation

Center, a Joint Venture of HealthSouth and the University of Missouri -

Columbia (Medicare Provider No. 26-3027) is an inpatient rehabilitation

hospital located in Columbia, Missouri that furnishes inpatient hospital

services to patients entitled to benefits under the Medicare program and

others.  Its appeal relates to fiscal year ending in 2006.

x.     Plaintiff Lakeshore System Services of Florida, Inc. d/b/a HealthSouth

Emerald Coast Rehabilitation Hospital (Medicare Provider No. 10-3040)

is an inpatient rehabilitation hospital located in Panama City, Florida that

furnishes inpatient hospital services to patients entitled to benefits under the Medicare program and others.  Its appeal relates to fiscal year ending in 2006.

y.    Plaintiff Central Arkansas Rehabilitation Associates, L.P. d/b/a St. Vincent Rehabilitation Hospital (Medicare Provider No. 04-3031) is an inpatient rehabilitation hospital located in Sherwood, Arkansas that furnishes inpatient hospital services to patients entitled to benefits under the Medicare program and others.  Its appeal relates to fiscal year ending in 2006.

z.    Plaintiff Northwest Arkansas Rehabilitation Associates d/b/a HealthSouth Rehabilitation Hospital, a Partner with Washington Regional (Medicare Provider No. 04-3032) is an inpatient rehabilitation hospital located in Fayetteville, Arkansas that furnishes inpatient hospital services to patients entitled to benefits under the Medicare program and others.  Its appeal relates to fiscal year ending in 2006.

aa.   Plaintiff Kansas Rehabilitation Hospital, Inc. d/b/a Kansas Rehabilitation Hospital (Medicare Provider No. 17-3025) is an inpatient rehabilitation hospital located in Topeka, Kansas that furnishes inpatient hospital services to patients entitled to benefits under the Medicare program and others.  Its appeal relates to fiscal year ending in 2006.

bb.   Plaintiff K.C. Rehabilitation Hospital, Inc. d/b/a MidAmerica Rehabilitation Hospital (Medicare Provider No. 17-3026) is an inpatient rehabilitation hospital located in Overland Park, Kansas that furnishes

inpatient hospital services to patients entitled to benefits under the
Medicare program and others.  Its appeal relates to fiscal year ending in
2006.

cc.     Plaintiff Lakeview Rehabilitation Group Partners d/b/a HealthSouth
Lakeview Rehabilitation Hospital of Central Kentucky (Medicare Provider
No. 18-3028) is an inpatient rehabilitation hospital located in
Elizabethtown, Kentucky that furnishes inpatient hospital services to
patients entitled to benefits under the Medicare program and others.  Its
appeal relates to fiscal year ending in 2006.

dd.     Plaintiff Baton Rouge Rehab, Inc. d/b/a HealthSouth Rehabilitation
Hospital of Baton Rouge (Medicare Provider No. 19-3028) is an inpatient
rehabilitation hospital located in Baton Rouge, Louisiana that furnishes
inpatient hospital services to patients entitled to benefits under the
Medicare program and others.  Its appeal relates to fiscal year ending in
2006.

ee.     Plaintiff The Kelton Corporation d/b/a HealthSouth Braintree
Rehabilitation Hospital (Medicare Provider No. 22-3027) is an inpatient
rehabilitation hospital located in Braintree, Massachusetts that furnishes
inpatient hospital services to patients entitled to benefits under the
Medicare program and others.  Its appeal relates to fiscal year ending in
2006.

ff.     Plaintiff Tarrant County Rehabilitation Hospital, Inc. d/b/a HealthSouth
City View Rehabilitation Hospital (Medicare Provider No. 45-3042) is an

inpatient rehabilitation hospital located in Fort Worth, Texas that furnishes inpatient hospital services to patients entitled to benefits under the Medicare program and others.  Its appeal relates to fiscal year ending in 2006.

gg.     Plaintiff HealthSouth Plano Rehabilitation Hospital, LLC d/b/a HealthSouth Plano Rehabilitation Hospital (Medicare Provider No. 45-3047) is an inpatient rehabilitation hospital located in Plano, Texas that furnishes inpatient hospital services to patients entitled to benefits under the Medicare program and others.  Its appeal relates to fiscal year ending in 2006.

hh.     Plaintiff HealthSouth Rehabilitation Hospital of Beaumont, LLC d/b/a HealthSouth Rehabilitation Hospital of Beaumont (Medicare Provider No. 45-3048) is an inpatient rehabilitation hospital located in Beaumont, Texas that furnishes inpatient hospital services to patients entitled to benefits under the Medicare program and others.  Its appeal relates to fiscal year ending in 2006.

ii.     Plaintiff Tyler Rehab Associates, L.P. d/b/a Trinity Mother Frances Rehabilitation Hospital, Affiliated with HealthSouth (Medicare Provider No. 45-3056) is an inpatient rehabilitation hospital located in Tyler, Texas that furnishes inpatient hospital services to patients entitled to benefits under the Medicare program and others.  Its appeal relates to fiscal year ending in 2006.

jj.     Plaintiff Van Matre Rehabilitation Center LLC d/b/a Van Matre

HealthSouth Rehabilitation Hospital (Medicare Provider No. 14-3028) is an inpatient rehabilitation hospital located in Rockford, Illinois that furnishes inpatient hospital services to patients entitled to benefits under the Medicare program and others.  Its appeal relates to fiscal year ending in 2006.

kk.   Plaintiff HealthSouth Rehabilitation Hospital of Henderson, LLC d/b/a HealthSouth Rehabilitation Hospital of Henderson (Medicare Provider No. 29-3032) is an inpatient rehabilitation hospital located in Henderson, Nevada that furnishes inpatient hospital services to patients entitled to benefits under the Medicare program and others.  Its appeal relates to fiscal year ending in 2006.

ll.   Plaintiff HealthSouth/Methodist Rehabilitation Hospital Limited Partnership d/b/a HealthSouth Rehabilitation Hospital-North (Medicare Provider No. 44-3031) is an inpatient rehabilitation hospital located in Memphis, Tennessee that furnishes inpatient hospital services to patients entitled to benefits under the Medicare program and others.  Its appeal relates to fiscal year ending in 2006.

mm.   Plaintiff Yuma Rehabilitation Hospital, L.L.C. d/b/a Yuma Rehabilitation Hospital, a Partnership of HealthSouth & YRMC (Medicare Provider No. 03-3034) is an inpatient rehabilitation hospital located in Yuma, Arizona that furnishes inpatient hospital services to patients entitled to benefits under the Medicare program and others.  Its appeal relates to fiscal year ending in 2006.

nn.     Plaintiff AnMed Enterprises, Inc./HealthSouth, L.L.C d/b/a AnMed Health

        Rehabilitation Hospital, an affiliate entity of AnMed Health and

        HealthSouth Corporation (Medicare Provider No. 42-3029) is an inpatient

        rehabilitation hospital located in Anderson, South Carolina that furnishes

        inpatient hospital services to patients entitled to benefits under the

        Medicare program and others.  Its appeal relates to fiscal year ending in

        2006.

oo.     Plaintiff HealthSouth of Spring Hill, Inc. d/b/a HealthSouth Rehabilitation

        Hospital of Spring Hill (Medicare Provider No. 10-3042) is an inpatient

        rehabilitation hospital located in Brooksville, Florida that furnishes

        inpatient hospital services to patients entitled to benefits under the

        Medicare program and others.  Its appeal relates to fiscal year ending in

        2006.

pp.     Plaintiff HealthSouth Specialty Hospital, Inc. d/b/a Healthsouth Dallas

        Rehab Hospital (Medicare Provider No. 45-0758) is an inpatient

        rehabilitation hospital located in Dallas, Texas that furnishes inpatient

        hospital services to patients entitled to benefits under the Medicare

        program and others.  Its appeal relates to fiscal year ending in 2007.

qq.     Plaintiff HealthSouth Rehabilitation Hospital of Fort Worth, LLC d/b/a

        HealthSouth Rehabilitation Hospital of Fort Worth (Medicare Provider

        No. 45-3041) is an inpatient rehabilitation hospital located in Fort Worth,

        Texas that furnishes inpatient hospital services to patients entitled to

        benefits under the Medicare program and others.  Its appeal relates to

fiscal year ending in 2007.

rr.     Plaintiff HealthSouth of East Tennessee, LLC d/b/a HealthSouth

Rehabilitation Hospital (Medicare Provider No. 44-3027) is an inpatient

rehabilitation hospital located in Kingsport, Tennessee that furnishes

inpatient hospital services to patients entitled to benefits under the

Medicare program and others.  Its appeal relates to fiscal year ending in

2007.

ss.     Plaintiff Vanderbilt Stallworth Rehabilitation Hospital, L.P. d/b/a

Vanderbilt Stallworth Rehabilitation Hospital (Medicare Provider No. 44-

3028) is an inpatient rehabilitation hospital located in Nashville,

Tennessee that furnishes inpatient hospital services to patients entitled to

benefits under the Medicare program and others.  Its appeal relates to

fiscal year ending in 2007.

tt.     Plaintiff HealthSouth Rehabilitation Hospital of Mechanicsburg, LLC

d/b/a HealthSouth Rehabilitation Hospital of Mechanicsburg (Medicare

Provider No. 39-3031) is an inpatient rehabilitation hospital located in

Mechanicsburg, Pennsylvania that furnishes inpatient hospital services to

patients entitled to benefits under the Medicare program and others.  Its

appeal relates to fiscal year ending in 2007.

uu.     Plaintiff HealthSouth Rehabilitation Hospital of Austin, Inc. d/b/a

HealthSouth Rehabilitation Hospital of Austin (Medicare Provider No. 45-

3044) is an inpatient rehabilitation hospital located in Austin, Texas that

furnishes inpatient hospital services to patients entitled to benefits under

the Medicare program and others.  Its appeal relates to fiscal year ending in 2007.

vv.  Plaintiff HealthSouth of Fort Smith, LLC d/b/a HealthSouth Rehabilitation Hospital of Fort Smith (Medicare Provider No. 04-3028) is an inpatient rehabilitation hospital located in Fort Smith, Arkansas that furnishes inpatient hospital services to patients entitled to benefits under the Medicare program and others.  Its appeal relates to fiscal year ending in 2007.

ww.  Plaintiff HealthSouth of Nittany Valley, Inc. d/b/a HealthSouth Nittany Valley Rehabilitation Hospital (Medicare Provider No. 39-3039) is an inpatient rehabilitation hospital located in Pleasant Gap, Pennsylvania that furnishes inpatient hospital services to patients entitled to benefits under the Medicare program and others.  Its appeal relates to fiscal year ending in 2007.

xx.  Plaintiff HealthSouth of York, LLC d/b/a HealthSouth Rehabilitation Hospital of York (Medicare Provider No. 39-3037) is an inpatient rehabilitation hospital located in York, Pennsylvania that furnishes inpatient hospital services to patients entitled to benefits under the Medicare program and others.  Its appeal relates to fiscal year ending in 2007.

yy.  Plaintiff HealthSouth Rehabilitation Hospital of Altoona, LLC d/b/a HealthSouth Rehabilitation Hospital of Altoona (Medicare Provider No. 39-3040) is an inpatient rehabilitation hospital located in Altoona,

Pennsylvania that furnishes inpatient hospital services to patients entitled to benefits under the Medicare program and others.  Its appeal relates to fiscal year ending in 2007.

zz.    Plaintiff HealthSouth Rehabilitation Institute of San Antonio (RIOSA), Inc. d/b/a HealthSouth Rehabilitation Institute of San Antonio (RIOSA) (Medicare Provider No. 45-3031) is an inpatient rehabilitation hospital located in San Antonio, Texas that furnishes inpatient hospital services to patients entitled to benefits under the Medicare program and others.  Its appeal relates to fiscal year ending in 2007.

aaa.    Plaintiff HealthSouth Reading Rehabilitation Hospital, LLC d/b/a HealthSouth Reading Rehabilitation Hospital (Medicare Provider No. 39-3026) is an inpatient rehabilitation hospital located in Reading, Pennsylvania that furnishes inpatient hospital services to patients entitled to benefits under the Medicare program and others.  Its appeal relates to fiscal year ending in 2007.

bbb.    Plaintiff Piedmont HealthSouth Rehabilitation, LLC d/b/a HealthSouth Rehabilitation Hospital of Rock Hill (Medicare Provider No. 42-3028) is an inpatient rehabilitation hospital located in Rock Hill, South Carolina that furnishes inpatient hospital services to patients entitled to benefits under the Medicare program and others.  Its appeal relates to fiscal year ending in 2007.

ccc.    Plaintiff Rebound, LLC d/b/a HealthSouth Rehabilitation Hospital of North Alabama (Medicare Provider No. 01-3029) is an inpatient

rehabilitation hospital located in Huntsville, Alabama that furnishes inpatient hospital services to patients entitled to benefits under the Medicare program and others. Its appeal relates to fiscal year ending in 2007.

ddd.     Plaintiff Rebound, LLC d/b/a HealthSouth Chattanooga Rehabilitation Hospital (Medicare Provider No. 44-0162) is an inpatient rehabilitation hospital located in Chattanooga, Tennessee that furnishes inpatient hospital services to patients entitled to benefits under the Medicare program and others. Its appeal relates to fiscal year ending in 2007.

eee.     Plaintiff Rebound, LLC d/b/a HealthSouth Cane Creek Rehabilitation Hospital (Medicare Provider No. 44-3030) is an inpatient rehabilitation hospital located in Martin, Tennessee that furnishes inpatient hospital services to patients entitled to benefits under the Medicare program and others. Its appeal relates to fiscal year ending in 2007.

fff.     Plaintiff HealthSouth Valley of the Sun Rehabilitation Hospital, LLC d/b/a HealthSouth Valley of The Sun Rehabilitation Hospital (Medicare Provider No. 03-3032) is an inpatient rehabilitation hospital located in Glendale, Arizona that furnishes inpatient hospital services to patients entitled to benefits under the Medicare program and others. Its appeal relates to fiscal year ending in 2007.

ggg.     Plaintiff HealthSouth Harmarville Rehabilitation Hospital, LLC d/b/a HealthSouth Harmarville Rehabilitation Hospital (Medicare Provider No. 39-3027) is an inpatient rehabilitation hospital located in Pittsburgh,

Pennsylvania that furnishes inpatient hospital services to patients entitled to benefits under the Medicare program and others.  Its appeal relates to fiscal year ending in 2007.

hhh.   Plaintiff HealthSouth/GHS Limited Liability Company d/b/a Geisinger HealthSouth Rehabilitation Hospital (Medicare Provider No. 39-3047) is an inpatient rehabilitation hospital located in Danville, Pennsylvania that furnishes inpatient hospital services to patients entitled to benefits under the Medicare program and others.  Its appeal relates to fiscal year ending in 2007.

iii.   Plaintiff Rehabilitation Hospital of Phenix City, L.L.C. d/b/a Regional Rehabilitation Hospital (Medicare Provider No. 01-3033) is an inpatient rehabilitation hospital located in Phenix, Alabama that furnishes inpatient hospital services to patients entitled to benefits under the Medicare program and others.  Its appeal relates to fiscal year ending in 2007.

jjj.   Plaintiff HealthSouth Rehabilitation Hospital of Odessa, Inc. d/b/a HealthSouth Rehabilitation Hospital of Odessa (Medicare Provider No. 45-3090) is an inpatient rehabilitation hospital located in Odessa, Texas that furnishes inpatient hospital services to patients entitled to benefits under the Medicare program and others.  Its appeal relates to fiscal year ending in 2007.

kkk.   Plaintiff HealthSouth Rehabilitation Hospital of Petersburg, LLC d/b/a HealthSouth Rehabilitation Hospital of Petersburg (Medicare Provider No. 49-3031) is an inpatient rehabilitation hospital located in Petersburg,

Virginia that furnishes inpatient hospital services to patients entitled to benefits under the Medicare program and others.  Its appeal relates to fiscal year ending in 2007.

lll.    Plaintiff Central Louisiana Rehab Associates, L.P. d/b/a HealthSouth Rehabilitation Hospital of Alexandria (Medicare Provider No. 19-3031) is an inpatient rehabilitation hospital located in Alexandria, Louisiana that furnishes inpatient hospital services to patients entitled to benefits under the Medicare program and others.  Its appeal relates to fiscal year ending in 2007.

mmm. Plaintiff HealthSouth of Erie, LLC d/b/a HealthSouth Rehabilitation Hospital of Erie (Medicare Provider No. 39-3046) is an inpatient rehabilitation hospital located in Erie, Pennsylvania that furnishes inpatient hospital services to patients entitled to benefits under the Medicare program and others.  Its appeal relates to fiscal year ending in 2007.

nnn.    Plaintiff HealthSouth Rehabilitation Hospital of Sewickley, LLC d/b/a HealthSouth Rehabilitation Hospital of Sewickley (Medicare Provider No. 39-3045) is an inpatient rehabilitation hospital located in Sewickley, Pennsylvania that furnishes inpatient hospital services to patients entitled to benefits under the Medicare program and others.  Its appeal relates to fiscal year ending in 2007.

13.    Defendant Secretary, Sylvia Mathews Burwell, is the Secretary of the United States Department of Health and Human Services and is sued in her official capacity.  The

Secretary is responsible for the administration of the Medicare program.  The Secretary exercises

the administrative responsibility of the Medicare program primarily through the Centers for

Medicare and Medicaid Services (formerly known as the Health Care Financing Administration),

an agency of HHS.   The Secretary also contracts with private organizations to act as the MACs

for a specific geographic region.  MACs, among other things, handle reimbursement and audit

provider cost reports under Part A of the Medicare program.  Cahaba was the lead MAC for

purposes of the Plaintiffs' PRRB appeals.

### MEDICARE PAYMENT, COST REPORTING AND APPEALS PROCESS

14.     The Medicare Act establishes a system of health insurance for the aged and the

disabled.  Generally, Medicare's "hospital insurance" benefit—otherwise known as "Medicare

Part A"—pays for inpatient hospital services and other institutional provider care.  Under Part A,

an eligible Medicare beneficiary is entitled to have payment made by the Medicare Program on

his or her behalf for, *inter alia*, inpatient hospital services provided to him or her by a hospital

participating in the Medicare Program as a "provider of services."

15.     Pursuant to 42 U.S.C. § 1395cc, Plaintiffs entered into written agreements with

the Secretary to provide inpatient rehabilitative hospital services to eligible individuals.

16.     CMS, through its MACs, pays providers participating in the Medicare program

for providing covered services to Medicare beneficiaries, including inpatient rehabilitation

hospital services.  42 U.S.C. § 1395ww.  The amount of payment owed to a provider for services

furnished to Medicare beneficiaries is determined by the MAC acting as an agent of the

Secretary.  42 U.S.C. § 1395h.

17.     In 1983, Congress adopted the Medicare hospital inpatient prospective payment

System ("IPPS") "to increase efficiency and reduce costs."  *Fischer v. United States,* 529 U.S.

667, 685 (2000).  Under IPPS, acute care hospitals are reimbursed a single, predetermined, per-

discharge fee, with the payment amount intended to cover all inpatient operating costs. The fee does not vary based on the amount of services received during the patient's stay, and is thus not based on the hospital's actual costs. *See* 42 U.S.C. § 1395ww(a)(4) & (d)(1). The amount of the fee is identified by the diagnosis-related group ("DRG") into which each discharge is classified. The IPPS rate is weighted geographically to account for geographic differences in hospital operating costs.

18.     The reimbursement to an individual hospital may be further adjusted in a number of different ways to account for various factual circumstances, specific to that hospital, that affect the hospital's operating costs or otherwise justify a payment adjustment; for example, if the hospital treats a disproportionate share of low-income patients, or if the hospital is a teaching hospital. 42 U.S.C. § 1395ww(d)(5); 42 C.F.R. 412.106; 42 C.F.R. 412.105.

19.     IRFs are types of inpatient hospitals that specialize in providing intensive interdisciplinary therapy services and ongoing specialized medical management to individuals who have suffered a serious disabling injury or illness and require an inpatient hospital level of care.

20.     Under Part A, IRFs are considered to be "excluded" from IPPS (42 C.F.R. § 412.23(b)), and instead are paid under the IRF PPS (42 C.F.R. § 412.622), which was phased in over a two-year period between October 1, 2000, and October 1, 2002. 42 U.S.C. § 1395ww(j)(1). Like IPPS, the IRF PPS pays IRFs on a per-discharge basis and the payment amount, which includes all inpatient operating costs, does not vary based on the amount of services received during the patient's stay. In the IRF, however, similarly-situated patients are classified into "case mix groups" ("CMGs"), rather than DRGs, based on impairment, functional status, and age. 42 U.S.C. § 1395ww(j)(2). CMGs are weighted to account for different clinical

characteristics among groups and the different costs associated with caring for different types of patients.  IRF PPS per-discharge payment rates depend on the CMG assignment, subject to certain adjustments as explained below (for example, an adjustment to account for geographic differences in costs hospitals necessarily incur, such as wages).  42 U.S.C. § 1395ww(j)(3).

21.     When Congress directed the creation of the IRF PPS, Congress directed the Secretary to "determine a prospective payment rate" for each discharge based on the average cost to IRFs associated with the discharge, using the most recent data available.  42 U.S.C. § 1395ww(j)(3)(A).

22.     Congress further directed the Secretary to adjust the payment rate as follows: (1) annually by an increase factor (to reflect market inflation)—42 U.S.C. § 1395ww(j)(3)(i); (2) by a reduction factor to offset outlier payments and special payments to certain IRFs—42 U.S.C. § 1395ww(j)(3)(ii); (3) to account for geographic differences in wages—42 U.S.C. § 1395ww(j)(3)(iii); (4) to account for differences in resource-use among CMGs—42 U.S.C. § 1395ww(j)(3)(iv); and (5) "by such other factors as the Secretary determines are necessary to properly reflect variations in necessary costs of treatment among [IRFs]"—42 U.S.C. § 1395ww(j)(3)(v).

23.     Pursuant to 42 U.S.C. § 1395ww(j)(5), the Secretary annually publishes the classification and weighting factors for CMGs for the next federal fiscal year, and a description of the methodology and data used in computing the IRF PPS rates for the next fiscal year in the Federal Register.  These determinations, which are the product of notice and comment rulemaking pursuant to 5 U.S.C. § 533, are universally applicable on a prospective basis to all IRF providers, and are not provider-specific calculations that depend on any retroactive data-matching process or individual patient eligibility determinations.

24.     Pursuant to 42 U.S.C. § 1395ww(j)(3)(v), CMS promulgated the LIP adjustment. The LIP adjustment was established in order to "pay IRFs more accurately for the incremental increase in Medicare costs associated with the facility's percentage of low-income patients." 66 Fed. Reg. 41316, 41361 (Aug. 7, 2001).  This LIP adjustment recognizes that, as a facility's percentage of low-income patients increases, there is an incremental increase in the facility's costs.  The LIP adjustment analyzes the provider's actual patient census data based upon various data sets (for example, supplemental security income ("SSI") eligibility data maintained by the Social Security Administration ("SSA"), and the Medicare Provider Analysis and Review ("MedPAR") data file) to determine the percentage of "low-income patients" served by each provider. Based on the facility's calculated LIP rate, the MAC is required to adjust the facility's final reimbursement to account for the additional costs of serving low-income patients.

25.     The regulation that provides for the LIP adjustment states as follows: "We adjust the Federal prospective payment, on a facility basis, for the proportion of low-income patients that receive inpatient rehabilitation services as determined by us."  *See* 42 C.F.R. § § 412.624(e)(2).

26.     The method for calculating the LIP adjustment is set forth in Chapter 3 of the Medicare Claims Processing Manual (CMS Pub. 100-04), and utilizes the same formula that is used to calculate an acute care hospital's DSH reimbursement.  *See* Medicare Claims Processing Manual (CMS Pub. 100-04), Ch. 3, § 140.2.5.3.   CMS explains:

> The LIP adjustment accounts for differences in costs among IRFs associated with differences in the proportion of low-income patients treated. The LIP adjustment is calculated as (1 + disproportionate share hospital (DSH) patient percentage) raised to a power specified in the most recent IRF PPS final rule published in the Federal Register. To compute the DSH patient percentage the following formula is used:

$$ \text{DSH} \qquad \frac{\text{Medicare SSI Days}}{\text{Total Medicare Days}} \qquad \frac{\text{Medicaid, Non-Medicare Days}}{\text{Total Days}} $$

*Id.* The first fraction is referred to as the SSI fraction or the "SSI ratio," and the second fraction is referred to as the Medicaid fraction. Thus, the LIP adjustment calculation requires use of the same formula, and the same data that is used to calculate DSH reimbursement for acute care hospitals. The formula and data used for the calculation is unique to each provider.

27.     The data used to determine the SSI ratio for each provider is maintained and updated by CMS. *Id.* Until this data is updated, a final LIP adjustment calculation cannot be made. *See id.* ("The FI uses the most recently settled SSI ratio to settle the current cost report. Once the final SSI ratio is determined for the actual fiscal year the cost report corresponds to, a retrospective adjustment may be made to account for the difference between the actual lip [sic] adjustment amount and the initial PPS lip [sic] adjustment payment amount.") Likewise, if CMS' data is not accurate, the LIP adjustment calculation cannot be done correctly. *See e.g.*, CMS Ruling CMS-1498-R (Apr. 28, 2010)(discussing revisions to the SSI data-matching process being made to ensure accuracy of the SSI ratios per *Baystate Medical Center v. Leavitt*, 545 F. Supp. 2d 20, *as amended*, 587 F. Supp. 2d 37, 44 (D.D.C. 2008)); *see also* CMS Transmittal SE1225, "The Supplemental Security Income (SSI) Ratios for Fiscal Year (FY) 2006 through FY 2009 for Inpatient Prospective Payment System (IPPS) Hospitals, Inpatient Rehabilitation Facilities (IRFs), and Long Term Care Hospitals (LTCHs)" (Jun. 22, 2012)(explaining that revised SSI ratios for fiscal years 2006, 2007, 2008, and 2009 were posted on the CMS website, finally allowing MACs and providers to determine providers' correct amount of Medicare DSH and LIP reimbursement for these years).

28.     A hospital has a right to obtain a hearing before the Provider Reimbursement Review Board by filing an appeal with the PRRB within 180 days of receiving a final determination if the hospital "is dissatisfied with a final determination of the organization serving as its fiscal intermediary[2] pursuant to section 1816 [of the Social Security Act] as to the amount of total program reimbursement due the provider for the items and services furnished to individuals for which payment may be made under this title for the period covered by such report."  42 U.S.C. § 1395oo(a)(1)(A)(i).  The PRRB has jurisdiction over group appeals from the MAC's determinations if:  a group of providers is dissatisfied with the final determination, each individual provider would be entitled to a hearing, the matters in controversy involve a common question of fact or interpretation of law or regulations, the amount in controversy in the aggregate is equal to $50,000 or more, and each provider requests a hearing within 180 days after notice of the final determination.  42 U.S.C. § 1395oo(b); s*ee also*, 42 C.F.R. §§ 405.1837, 405.1839(b).

29.     The Secretary, through the Administrator,[3] may elect to reverse, affirm, or modify the decision of the PRRB.  42 U.S.C. § 1395oo(f).

30.     Providers "have the right to obtain judicial review of any final decision of the PRRB, or of any reversal, affirmance, or modification by the Secretary, by a civil action commenced within 60 days of the date on which notice of any final decision by the PRRB or of any reversal, affirmance, or modification by the Secretary is received."  42 U.S.C. § 1395oo(f).

31.     Estimated IRF PPS reimbursement and applicable adjustments are paid to IRFs

---

[2]   MACs were previously referred to as "fiscal intermediaries" for purposes of Medicare Part A.

[3]   The Administrator oversees the development of policies, standards and guidelines; evaluates progress in the administration of CMS programs; ensures that required actions are taken to direct or redirect efforts to achieve program objectives; and works with the States, other Federal agencies and other concerned nongovernmental organizations in administering health care financing programs.

throughout the fiscal year in the form of "interim payments."  Upon the IRF's fiscal year end,

and submission of the IRF's year-end cost report, the MAC performs a reconciliation between

the amount the IRF has received in interim payments, and the amount the IRF should have

received for the applicable cost-year (including the amount the IRF should have received in any

applicable facility-level adjustments), by auditing the IRF's cost report.  Once the MAC

determines the difference, if any, between the amount of the interim payments the IRF has

received and the total amount of IRF PPS reimbursement the IRF should have received, along

with any applicable adjustments, the MAC notifies the IRF of any excess or shortfall in a notice

of program reimbursement ("NPR") which is considered a "final determination" that triggers an

IRF's appeal rights under 42 U.S.C. § 1395oo.

  32. When it established the IRF PPS, Congress included a statutory clause entitled

"limitation on review," 42 U.S.C. § 1395ww(j)(8),  which states:

> (8) Limitation on review.—There shall be no administrative or
> judicial review under section 1869, 1878, or otherwise of the
> establishment of—
>
> (A) case mix groups, of the methodology for the classification of
> patients within such groups, and of the appropriate weighting
> factors thereof under paragraph (2),
>
> (B) the prospective payment rates under paragraph (3),
>
> (C) outlier and special payments under paragraph (4), and
>
> (D) area wage adjustments under paragraph (6).

  33. In implementing Congress's "limitation on review" provision at section

1886(j)(8) the Secretary promulgated the following regulation: § 412.630  Limitation on review

> Administrative or judicial review under sections 1869 or 1878 of the Act, or otherwise, is
> prohibited with regard to the establishment of the methodology to classify a patient into
> the case-mix groups and the associated weighting factors, the **unadjusted** Federal per
> discharge payment rates, additional payments for outliers and special payments, and the
> area wage index. 66 Fed. Reg. 41316, 41361 (Aug. 7, 2001) (emphasis added).

## PROCEDURAL HISTORY AND FACTS SPECIFIC TO THIS CASE

34.     During their fiscal years ending in 2006 and 2007, each of the Plaintiffs provided inpatient rehabilitation hospital services to low-income patients.  Some of the low-income patients Plaintiffs served were eligible for SSI benefits under 42 U.S.C. § 1381 et seq. and to benefits under Medicare Part A (including Medicare Advantage (Part C) patients) at the time the services were provided.  However, the determination of the actual number of such patients depended on CMS accurately and timely determining the SSI ratio, which depended in turn on CMS using an accurate and timely data-matching process to compare Medicare records and SSI eligibility records for each hospital's patients during the federal fiscal year.  However, the SSI ratios for these years were not determined by CMS until March 16, 2012.

35.     Pending resolution of the data-integrity issues surrounding the SSI ratios for these cost years, Plaintiffs appealed to the PRRB the NPRs received for those cost reports on the grounds that the MACs for the Plaintiffs' IRFs, incorrectly calculated and applied IRF LIP adjustment payments for each facility.

36.     Each appeal was timely filed within 180 days of the receipt of the NPR and met the reimbursement value threshold for PRRB review.

37.     The appeals were consolidated into two group appeals—one for fiscal years ending in 2006 and another for fiscal years ending in 2007—and assigned PRRB case numbers , No. 09-0861GC (FY 2006) and No. 09-1942GC (FY 2007).  Pending resolution of the SSI ratio data-integrity issues, which were the subject of ongoing litigation, these appeals were held in abeyance from May 4, 2009 until December 10, 2012 (for PRRB Case No. 09-1942GC (FY 2007)), and on February 19, 2013 (for PRRB Case No. 09-0861GC (FY 2006)).

38.     On December 10, 2012 (for PRRB Case No. 09-1942GC (FY 2007)), and on

February 19, 2013 (for PRRB Case No. 09-0861GC (FY 2006)), the PRRB issued a standard

remand to the MAC pursuant to CMS Ruling CMS-1498-R for recalculation of the Plaintiffs'

DSH payment adjustment.

39.     The MAC did not recalculate the Plaintiffs' DSH payment adjustment.  Rather, on

February 12, 2013, Cahaba filed a motion to dismiss PRRB Case No. 09-0861GC (FY 2006) for

lack of jurisdiction and argued that 42 U.S.C. §  1395ww(j) precludes administrative and judicial

review of "establishment . . .  of the prospective payment rates. . ."  A copy of the Motion to

Dismiss is attached as **Exhibit 3**. On March 14, 2013, an identical motion to dismiss was filed

for PRRB Case No. 09-1942GC (FY 2007).

40.     To Plaintiffs' knowledge, neither CMS, nor the MAC, had ever raised a

jurisdictional challenge based on 42 U.S.C. §  1395ww(j) or any similar statutory "limitation on

review" to preclude a Medicare provider hospital from challenging its LIP adjustment or DSH

reimbursement. Indeed, DSH reimbursement has historically been the subject of many

challenges before the PRRB and reviewing courts.  Plaintiffs were otherwise never previously

notified that CMS and the MACs did not view LIP adjustments as being subject to administrative

and/or judicial review under the interpretation of 42 U.S.C. §  1395ww(j) set forth in the MAC's

motions to dismiss.

41.     On March 13, 2013 (for PRRB Case No. 09-0861GC (FY 2006)) and on March

22, 2013 (for PRRB Case No. 09-1942GC (FY 2007)), Plaintiffs filed oppositions to the motions

to dismiss.  The opposition for PRRB Case No. 09-0861GC  is attached as **Exhibit 4**.  The

Plaintiffs' opposition for PRRB Case No. 09-0861GC was identical in substance.

42.     On or about August 6, 2013, CMS unilaterally issued a "clarification" of the rule

at 42 C.F.R. § 412.630, removing the word "unadjusted" from the clause "unadjusted Federal per

discharge payment rates," which the regulation expressly stated was not subject to administrative or judicial review. 78 Fed. Reg. 47860, 47900-47901 (Aug. 6, 2013).  CMS claimed that the clarification was needed because the regulation had been "at times improperly interpreted to allow review of adjustments authorized under [42 U.S.C. § 1395ww(j)(3)(v)]" (which is the provision authorizing facility-level LIP adjustments).  CMS did not explain or clarify why the original regulation included the term "unadjusted."

43.     On July 11, 2014, the PRRB issued orders to vacate the standard remand that had been issued on December 10, 2012 and February 19, 2013 for the 2007 group appeal and for the 2006 group appeal.  These orders to vacate had the effect of reinstating the appeals at the PRRB.

44.     On September 28, 2015, the PRRB issued a single written opinion applicable to both the 2006 and the 2007 group appeals, denying Cahaba's motions to dismiss, finding that 42 U.S.C. § 1395ww(j)(8)(B) does not preclude administrative or judicial review (the "PRRB Decision").  The PRRB Decision is attached as **Exhibit 5**.

45.     The PRRB held that it had jurisdiction to review the MAC's determination of LIP adjustments, including the understatement of 2006 and 2007 SSI ratios. [4]  Ex. 3, at 2.  The Board reasoned, inter alia, that under the plain language of 42 U.S.C. § 1395ww(j)(8), Congress only prohibited administrative and judicial review of the establishment of *unadjusted* payment rates under 42 U.S.C.§ 1395ww(j)(3) and certain enumerated adjustments to those rates as specified in the statute.  Therefore, Congress did not intend to prohibit review of LIP adjustments and other non-enumerated adjustments to established rates.  *Id*. at 4-5.  The Board explained that the "establishment of rates" and the "establishment of" a LIP adjustment (*i.e.* the formula used to calculate the adjustment) are different in their ordinary meaning from the alleged errors in

---

[4]   As noted above, the SSI ratios for these years were later determined to be inaccurate, and were revised as of March 16, 2012 using an amended data-matching process to compare Medicare records and SSI eligibility records for each hospitals' patients.

execution and calculation of the LIP adjustment.  *Id*. at 6.

46.     Following the PRRB Decision, the Administrator notified the Plaintiffs on
October 7, 2015 that it would review the PRRB Decision in accordance with the process set forth
at 42 C.F.R. 405.1875.  Under this regulation, the Administrator may affirm, reverses, or modify
a Board decision, or vacate the decision and remand the case to the Board for further
proceedings.  The Administrator further notified the Plaintiffs of their right to submit written
comments, which the Plaintiffs timely submitted on October 22, 2015.  The Plaintiffs received
comments submitted by the Appeals Support Contractor, Federal Specialized Services, on behalf
of Cahaba, on October 23, 2015.

47.     On or after November 23, 2015, CMS sent by certified mail to Plaintiffs the
Administrator's decision reversing the PRRB Decision and determining that the PRRB lacks
jurisdiction to hear the appeal because 42 U.S.C. § 1395ww(j)(8)(B) precludes judicial review of
LIP rate adjustment calculations to IRF PPS rates (the "Administrator's Decision").  The
Administrator interpreted Congress' preclusion on review of "establishment of" IRF-PPS to
include both rate setting *and* adjustments.  Ex. 1 at 16-17.  The Administrator also found the
Secretary's regulatory clarification persuasive in removing any ambiguity.  *Id.* at 17.  Finally, the
Administrator suggested that the Board's interpretation of "establishment" would render the
prohibition on review ineffectual.  *Id.* at 18.

48.     Plaintiffs received the Administrator's Decision on December 1, 2015.  See USPS
Tracking Records for Certified Mail, attached as **Exhibit 6**.

49.     Pursuant to 42 U.S.C. § 1395oo(f) and 5 U.S.C. § 551, *et seq.,* Plaintiffs bring this
appeal to set aside the Administrator's Decision.

**FIRST CLAIM FOR RELIEF: VIOLATION OF THE APA SECTIONS 5 U.S.C.
§ 706(2)(A), (C) AND (D)**

50.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 49 above as if fully stated herein.

51.     Pursuant to 5 U.S.C. § 706(2)(A), this Court shall "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law . . . ."

52.     Pursuant to 5 U.S.C. § 706(2)(C), this Court shall "hold unlawful and set aside agency action, findings, and conclusions found to be. . . in excess of statutory jurisdiction, authority, or limitations, or short of statutory right . . ."

53.     Pursuant to 5 U.S.C. § 706(2)(D), this Court shall "hold unlawful and set aside agency action, findings, and conclusions found to be . . . without observance of procedure required by law."

54.     The Administrator's Decision dismissing Plaintiffs' appeals and denying administrative review by the PRRB of MAC errors in calculating provider specific LIP rate adjustments should be reversed because it is (A) arbitrary, capricious, an abuse of discretion and not in accordance with law; (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; and (D) without observance of procedure required by law.

55.     Applicable law provides for administrative and judicial review of reimbursement determinations by MACs if timely appealed and compliant with the reimbursement amount limitations.  This Court and other federal courts have narrowly construed limitations on judicial and administrative review in the Medicare reimbursement context.

56.     Plaintiffs timely submitted appeals to the PRRB for review of the inaccurate determinations of LIP adjustments to IRF PPS for each provider in the 2006 and 2007 cost

reporting years above the required reimbursement limitations.

57.     There is a strong presumption in favor of judicial review of administrative action. Congress may not abrogate a right to review agency action unless it does so clearly and unambiguously.

58.     The Administrator's Decision denying Plaintiffs administrative and judicial review is contrary to applicable law and in excess of statutory authority.  The IRF PPS enabling statute, 42 U.S.C. § 1886(j)(8)(B), does not clearly preclude administrative or judicial review of Plaintiffs' appeal of LIP adjustments to IRF PPS rates.  Congress precluded review of the "establishment of . . . (B) prospective payment rates under paragraph (3)" but did not prohibit review of the calculation of rate the LIP adjustments at issue in Plaintiffs' PRRB appeals.

59.     The calculation and application of LIP adjustments to a provider's IRF PPS reimbursement is not the "establishment of" IRF PPS rates under paragraph (3).  Indeed, LIP adjustment calculations and IRF PPS rate-setting are based on entirely different processes.  IRF PPS rates are established or determined by CMS and published in July of each year.  The IRF PPS rates are effective prospectively, for the next federal fiscal year.  LIP adjustments are calculated after the provider's fiscal year end, are retroactive (i.e., they are applied to increase or decrease the provider's total IRF PPS reimbursement for the provider's cost reporting year), and based upon a provider-specific analysis of provider-specific data following a cost reporting year. Moreover, they are highly susceptible to error because the data necessary to perform the calculations depends on an accurate and timely determination of the provider's SSI ratio by CMS, using accurate and current data, which, for these cost reporting years, CMS failed to do until 2012.

60.     The Administrator's Decision is inconsistent with basic cannons of statutory

interpretation.  Congress expressly excluded from judicial or administrative review certain

enumerated IRF PPS adjustments for "(C) outlier and special payments under paragraph (4) and

(D) area wage adjustments under paragraph (6)."  By specifically enumerating certain

adjustments to be excluded from administrative and judicial review but omitting LIP

adjustments, which arise under subparagraph 3(A)(v), there is a strong presumption from the

statutory text that Congress did not intend to preclude administrative and judicial review of LIP

adjustments or of other adjustments not enumerated.

61.     To the extent there is ambiguity in the statute, the federal law imposes a

preference favoring judicial review, and the Secretary is not entitled to deference in expanding

the scope of the limitation on review and denying an affected Plaintiffs' administrative and

judicial review of agency actions.

62.     Neither Congress nor the Secretary has articulated a policy basis to preclude

administrative and judicial review of LIP adjustments to IRF PPS.

63.     LIP adjustments are subject to calculation errors, as occurred here, and fall

directly within the scope of the PRRB's established authority and of Plaintiffs' right to

administrative and judicial review.

64.     The Secretary's regulations implementing the statutory limitation on

administrative and judicial review, which were applicable at the time of Plaintiffs' appeals,

further support Plaintiffs' appeal.  The regulations establish that the limitation of judicial review

applies to establishment of "*unadjusted* Federal per discharge payment rates."  *See* 42 C.F.R. §

412.630.  By specifically using the term "unadjusted" when referring to the IRF PPS rates, the

Secretary recognized that the limitation on review is limited to the establishment of rates prior to

calculating adjustments.

65.     The Secretary's August 6, 2013 purported rule "clarification" removing the word "unadjusted" from the regulation occurred *after* the cost reporting years in question, *during* the pending PRRB appeal, and *after* the motions to dismiss in the underlying PRRB appeals had been fully briefed.  Aside from being improper rulemaking and an improper attempt to retroactively apply a new rule, this "clarification" demonstrates CMS' unilateral policy change to expand the scope of the prohibition on administrative and judicial review without statutory authority.

66.     The Administrator's Decision further violates the APA by unlawfully discriminating against Plaintiffs without any rational policy basis.  Other provider types can obtain administrative and judicial review of DSH and other similar types of rate adjustments to the PRRB, even in circumstances where establishment of base rates is not reviewable.  The Secretary's decision to unilaterally preclude review of LIP adjustments for Plaintiff IRFs unfairly and without any rational basis denies IRFs the same opportunity to challenge miscalculated adjustments.

**SECOND CLAIM FOR RELIEF: VIOLATION OF APA SECTION 5 U.S.C § 706(2)(B) AS ACTION CONTRARY TO PLAINTIFFS' CONSTITUTIONAL RIGHTS TO DUE PROCESS UNDER THE FIFTH AMENDMENT TO THE U.S. CONSTITUTION**

67.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 66 above as if fully stated herein.

68.     Pursuant to 5 U.S.C. § 706(2)(B), this Court shall "hold unlawful and set aside agency action, findings, and conclusions found to be . . . contrary to constitutional right, power, privilege, or immunity . . . ."

69.     Plaintiffs have a procedural right to a notice and fair hearing pursuant to federal law providing for review of reimbursement decisions.

70.     The Administrator's decision unfairly denying Plaintiffs administrative and

judicial review of a MAC's erroneous calculation denies Plaintiffs their right to procedural due process.  Congress has not clearly and unambiguously abrogated that right based on an important and stated government purpose.

71.     Therefore, the Administrator's decision violates Plaintiffs' rights of procedural due process as guaranteed by the 5th Amendment to the United States Constitution.

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

A.     That the Court set aside the Administrator's Decision, findings, and conclusions in this case as arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law, in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; and without observance of procedure required by law;

B.     That the Court set aside the Administrator's Decision, findings, and conclusions in this case because the Administrator's interpretation would limit a substantive right to administrative and judicial review in violation of the APA;

C.     That the Court set aside the unlawful denial of procedural due process in the absence of clear congressional intent to limit Plaintiffs' rights to administrative and judicial review;

D.     That the Court remand the substantive adjustment challenges to the Agency for determination of appropriate LIP rate calculations as raised by the appeals;

E.     That the court award Plaintiffs' costs; and

F.     That the Court grant to Plaintiffs such other and further relief that the Court deems proper.

Dated: February 1, 2016

Respectfully submitted,

*/s/ Daniel Z. Herbst*
Scot T. Hasselman (Bar. No. 469472)
Daniel Z. Herbst (Bar. No. 501161)
REED SMITH LLP
1301 K Street NW
Suite 1000 – East Tower
Washington, DC 20005
(202) 414-9200
(202) 414-9299 (fax)
shasselman@reedsmith.com
dherbst@reedsmith.com